# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Stacey Smith, | Civil Action No.: 3:24-2631-JFA |
| Plaintiff, | |
| v. | |
| | **COMPLAINT** |
| Daimler Truck North America, LLC, | (*Jury trial demanded*) |
| Defendant. | |

Plaintiff Stacey Smith, complaining of Defendant Daimler Truck North America, LLC alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Stacey Smith is a citizen and resident of the state of South Carolina.

2. Defendant Daimler Truck North America, LLC is a foreign corporation, incorporated in the State of Delaware with its principal place of business in the state of Oregon.

3. Defendant Daimler is authorized to do business in South Carolina and can be served with process via its registered agent C T Corporation System at 2 Office Park Court Suite 103, Columbia, South Carolina 29223.

1

4. Defendant Daimler Truck North America, LLC ("Daimler") is engaged in the business of manufacturing, testing, marketing, promoting, distributing, and/or selling medium- and heavy-duty trucks, school buses, vehicle chassis and other products under brand names including Freightliner.

5. Defendant Daimler places these products into the stream of commerce, including the subject truck and its step that are the subject of this action.

6. Defendant Daimler has minimum contacts with South Carolina, and / or sold the subject truck with the understanding it would be used in South Carolina by a South Carolina company.

7. Defendant Daimler has purposefully availed itself of the privilege of conducting business activities within the State of South Carolina by placing products, including the subject truck at issue in this matter, into the stream of commerce and by marketing their products and selling their products within the state of South Carolina.

8. Defendant Daimler does reasonably expect, or should reasonably expect, that its business activities could or would have consequences within the state of South Carolina thereby subjecting it to this Court's jurisdiction.

9. Defendant Daimler has established continuous and systematic contacts with the state of South Carolina sufficient for the exercise of personal jurisdiction over it by this Court, the exercise of which will not offend traditional notions of fair

play and substantial justice, and is consistent with the constitutional requirements of due process.

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiff and Defendant.

11. The amount in controversy in this matter exceeds $75,000.00, satisfying the jurisdictional requirement contained in 28 U.S.C. § 1332(a).

12. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

13. This is a product liability action arising from Daimler's manufacture, testing, marketing, assembly, sale, and distribution of an unreasonably dangerous product which caused significant injury to Plaintiff Stacey Smith.

14. On April 3, 2023, Plaintiff Stacey Smith, through his business Smith Transport & Towing, LLC, purchased a new tow truck from American Wrecker Sales in Cayce, South Carolina.

15. The subject truck is a 2024 Freightliner M2X bearing VIN:1FVACWFC4RHUS4722, which was manufactured, tested, marketed, assembled, sold and distributed by Defendant Daimler.

16. The subject truck has two steps on the driver's side of the vehicle. The top step is on the driver's side of the truck and is the subject step:

3



17. At the time Plaintiff purchased the truck, it was in the same, or a substantially similar condition as it was when it left Daimler's possession.

18. On April 7, 2023, at or around 5:00pm, Plaintiff was exiting the cab of the truck from the driver's seat. It was a rainy day.

19. As Plaintiff began to climb down from the truck's cab, Plaintiff lost his footing and slipped.

20. As he fell, Plaintiff's left arm came in contact with right side of the subject step on the driver's side of the truck.

21. The edge on the right side of the subject step when facing the truck, had not been filed down like the other edges, creating a sharp serrated edge that was unreasonably dangerous and unreasonably sharp.

22. This sharp edge sliced open Plaintiff's left forearm from his hand down to his elbow as shown below:

4



23. As a result of his injuries, Mr. Smith required over 35 stiches on his left arm.

24. At the time of this incident, the truck was in a defective condition and unreasonably dangerous as evidenced by the sharp edge on the subject step, which sliced open Plaintiff's left arm.

25. At the time the truck was sold, Daimler had not filed down the right edge of the subject step to its manufacturing specifications.

26. At no time did Plaintiff possess facts or information sufficient to apprise him of the unreasonable risk of harm posed by the defective condition of the subject step.

27. As a direct and proximate result of the unreasonably dangerous condition that the truck was sold in, Plaintiff suffered physical injury and permanent disfigurement, conscious pain and suffering, mental anguish, emotional distress, and economic loss.

## CAUSES OF ACTION

**First:     Strict products liability: manufacture and warnings defects**

28. Plaintiff incorporates all prior paragraphs.

29. At all times, Defendant Daimler was a "seller" of the subject truck as that term is defined by S.C. Code § 15-73-10 et seq.

30. At the time of the sale of the subject truck, it was defective in its manufacture and unreasonably dangerous to the Plaintiff by virtue of the subject step's unreasonably dangerous sharp edge.

31. The subject truck was delivered to Plaintiff without substantial change in the condition in which it was received, distributed, and / or sold by Daimler.

32. As a proximate result of the defective and unreasonably dangerous condition of the subject step, its sharp edge on the right side sliced open Plaintiff's left arm.

33. The danger associated with the subject step outweighs its utility and the incorporation of feasible, alternative designs or construction methods would easily reduce its risk of harm, specifically being filed down like all the other edges on the subject step.

34. At no time prior to Mr. Smith's injuries did Daimler provide a conspicuous or adequate warning to him regarding the subject step's sharp right edge or to the ultimate consequences thereof.

35. This unreasonably dangerous characteristic of the subject step on the truck was not open, obvious, or known to the users like Plaintiff.

36. These warning defects also directly and proximately caused Mr. Smith's injuries as he continued to make normal use of the subject truck without sufficient warning regarding the defect and that use ultimately caused him injury.

37. Defendant is strictly liable for Mr. Smith's injuries.

**Second:     Negligence / Gross Negligence: manufacture and warnings defects**

38. Plaintiff incorporates all prior paragraphs.

39. Defendant Daimler owed a duty to Plaintiff and any other purchaser of the subject truck to exercise due care in the testing, inspection, part selection, assembly, equipping, marketing, distribution, and overall manufacture and sale of the subject truck.

40. These responsibilities specifically extended to and included the manufacture, testing, and incorporation of the subject step in the truck.

41. Daimler was negligent, grossly negligent, willful, wanton, reckless, and / or careless in the design, testing, inspection, part selection, assembly, equipping, marketing, distribution, and sale of the subject truck and breached the duties owed Mr. Smith by the following acts:

   a. failing to utilize proper construction technique and workmanship;

   b. failing to utilize adequate quality control measures to discover manufacturing defects;

   c. failing to make a product that meets their own performance standards;

   d. failing to adequately train its employees to utilize proper construction technique and workmanship;

   e. failing to discover and warn plaintiffs of the defects present in the subject step;

   f. failing to test the subject step to ensure it was free from defects and compliant with applicable engineering safety standards;

   g. failing to manufacture, test, assemble and/or install the subject step properly and under circumstances where Daimler knew or should have known of the hazard;

    h. failure to adopt and implement conspicuous and adequate warnings regarding the subject step; and

    i. any other negligent, grossly negligent, reckless, willful, wanton, or careless act revealed during the course of discovery.

42. As a direct and proximate result of these acts, Plaintiff was able to purchase the subject truck, despite its unreasonably dangerous step, and it severely injured him.

**Third:     Breach of implied warranty**

43. Plaintiff incorporates all prior paragraphs.

44. Daimler impliedly warranted to the purchaser and foreseeable users of the subject truck, that the truck was merchantable, was fit for the ordinary purpose for which such goods are sold and used and was fit for the particular use for which Mr. Smith purchased it.

45. The purchaser and foreseeable users of the subject truck made ordinary use of the subject truck and, contrary to the implied warranties given, the subject truck was defective, unreasonably dangerous, and unfit for its ordinary and foreseeable use, as well as for the particular use for which it was sold.

46. As such, Daimler breached the implied warranties given with the subject truck and, as a direct and proximate result, Plaintiff suffered serious injury for which he is entitled to recover.

## **JURY DEMAND**

47. Plaintiff demands a trial by jury on all claims so triable.

## **REQUEST FOR RELIEF**

48. Plaintiff incorporates all prior paragraphs.

49. Plaintiff asks for judgment against Defendant as follows:

   a. actual damages including incurred medical costs, loss of past and future earnings, and any other pecuniary loss to Plaintiff permitted by law;

   b. compensatory damages including conscious physical pain and suffering and any other compensatory damages proven at trial and permitted by law;

   c. for all recoverable costs of court;

   d. for punitive damages as determined by the trier of fact should discovery reveal defendant has engaged in conduct recklessly, willfully, wantonly, or with conscious disregard of plaintiff's rights; and

   e. for such other relief as the trier of fact deems just and proper.


Respectfully submitted,                **RICHARDSON THOMAS, LLC**

                                       BY:   *s/ William C. Lewis*
                                             William C. Lewis (FBN: 12076)
                                             Grace Babcock (FBN: 13880)
                                             1513 Hampton Street, First Floor
                                             Columbia, South Carolina 29201
                                             grace@richardsonthomas.com
                                             T: (803) 281-8150

11